G. L. RAMSEY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6540. Promulgated April 2, 1928.

*Fred R. Angevine, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

OPINION.

TRAMMELL: The first question to be decided is whether the collection of the taxes involved in this proceeding is barred by the statute of limitations.

The facts relevant to this question were stipulated and our findings of fact follow the stipulation.

At the dates the additional assessments were made the Revenue Act of 1921 was in effect. Section 250 (d) of that Act, so far as pertinent, provides:

The amount of income, excess-profits, or war-profits taxes due * * * under prior income, excess-profits, or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed * * *.

Under this provision, the collection of the additional assessments involved in this proceeding would have been barred on March 29, 1923, except for the agreements between petitioner and respondent, dated February 15, 1923, and February 11, 1924, respectively. The first agreement provided that the parties consented to the determination, assessment and collection of the taxes, irrespective of any period of limitation. On April 11, 1923, respondent publicly announced that all unlimited waivers for the year 1917, would expire on April 1, 1924. See *Wirt Franklin*, 7 B. T. A. 636. By the consent of February 11, 1924, the parties agreed to extend the time in which the taxes might be determined, assessed and collected, for a period of one year after the expiration of the statutory period of limitation or such period as extended by the previous waivers. There were no further agreements entered into and the question is whether the time for collection was extended by the provisions of the Revenue Acts of 1924 and 1926. The Revenue Act of 1924, section 278 (c), provided that where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment, the tax may be assessed at any time prior to the expiration of the time agreed upon. The tax was assessed prior to the expiration of the time agreed upon.

Section 278 (d) provides as follows:

Where the assessment of the tax is made within the time prescribed in section 277, or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment,

of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

Under section 278 (d) of the Revenue Act of 1924, the respondent has six years from the date of a timely assessment within which to collect the tax. An assessment is timely made if made within the five-year period provided in section 277 or within the extended period provided in section 278.

The assessment then being timely made, the question arises as to the effect of the Revenue Acts of 1924 and 1926 upon the collection of the tax in view of the consent in writing executed by the parties wherein it was agreed that the tax should be assessed and *collected* within a definite time which has expired, no proceeding in court or distraint proceeding having been instituted for the collection.

The Revenue Act of 1924, in providing that where the assessment of the tax is made within the period prescribed in section 277 or in section 278, the tax may be collected by distraint or by proceeding in court begun within six years after the assessment, contained no exceptions and we can not add exceptions which were omitted in the statute. In this connection the United States District Court for the Western District of Louisiana in the case of *Florshein Bros. Dry Goods Co.* v. *United States*, 26 Fed. (2d) 505, said:

It must be remembered that the agreement was made both with respect to the law as it then existed and to the power of Congress to change it. In other words the Act of June 2, 1924, could have not only extended the right both to assess and collect the taxes, but might have removed all limitations thereon had Congress seen fit to do so.

This situation was discussed in the case of *Sunshine Cloak & Suit Co.*, 10 B. T. A. 971, where we held that if the tax were assessed within the period prescribed by statute, including in that period the time as extended by consents in writing, the respondent had six years thereafter within which to institute proper proceedings for the collection thereof. The Revenue Act of 1924 gave the respondent six years from the date of the assessment within which to collect the deficiency. The statute might have provided that this extended period did not apply where the parties had agreed in writing for a different period for collection, but it did not do so. While Congress undoubtedly could have removed all limitations both as to assessments and collections, it did not go to that extent, but did extend the period of collection in all cases where the taxes had been assessed within the period provided in section 277 or section 278. Section 278 (d) of the Revenue Act of 1926, in recognizing consents in writing entered into by the Commissioner and a taxpayer, does not shorten, or authorize the Commissioner and the taxpayer to shorten, by a consent in writing, the six-year period. *Florshein Bros. Dry Goods Co.* v. *United States, supra; Sunshine Cloak & Suit Co., supra.*

In view of the foregoing, it is our opinion that the period of limitation does not bar the collection by distraint or by a proceeding in court of the taxes here involved.

The next question is whether the petitioner was engaged in business in 1917 with respect to the oil leases set out in the findings of fact and was subject to the individual excess-profits tax thereon for that year. On this question we are convinced by the testimony that he was engaged in the oil business during 1917 and being so engaged, the income from that business, consisting of making, buying and selling leases is subject to the excess-profits taxes.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

MILLIKEN, dissenting: At the dates the additional assessments were made, the Revenue Act of 1921 was in effect. Section 250 (d) of that Act, so far as pertinent, provides:

The amount of income, excess-profits, or war-profits taxes due * * * under prior income, excess-profits, or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed * * *.

Under this provision, the collection of the additional assessments involved in this proceeding would have been barred on March 29, 1923, except for the agreements between petitioner and respondent, dated February 15, 1923, and February 11, 1924, respectively. The first agreement provided that the parties consented to the determination, assessment and collection of the taxes, irrespective of any period of limitation. On April 11, 1923, respondent publicly announced that all unlimited waivers for the year 1917 would expire on April 1, 1924. See *Wirt Franklin,* 7 B. T. A. 636. By the consent of February 11, 1924, the parties agreed to extend the time in which the taxes might be determined, assessed and collected, for a period of one year after the expiration of the statutory period of limitation or such period as extended by the previous waivers. It follows that the agreed period ended either on February 11, 1925, or April 1, 1925, depending on whether the published ruling of the respondent extended the period to the latter date. However, it matters not, for the purpose of this proceeding, which was the date of expiration. There were no further agreements and the collection of the tax is barred unless the time for collection was extended by the provisions of the Revenue Act of 1924. The material provisions of that Act read:

Sec. 277. (a) * * * (2) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1916, the Revenue Act of 1917 * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

Sec. 278. * * * (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made or distraint or proceeding in court begun, before the enactment of this Act.

Sec. 283. This title shall take effect as of January 1, 1924.

Sec. 1100. (a) The following parts of the Revenue Act of 1921 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivisions (b) and (c):

Title II (called "Income Tax") as of January 1, 1924;

* * * * * * *

(b) The parts of the Revenue Act of 1921 which are repealed by this Act shall * * * remain in force * * * for the assessment and collection, to the extent provided in the Revenue Act of 1921, of all taxes imposed by prior income, war-profits, or excess-profits tax acts * * *.

In *Art Metal Works*, 9 B. T. A. 491, the Board held that where on the date of enactment (June 2, 1924) of the Revenue Act of 1924, the *statutory* period for collection provided by the Revenue Act of 1921 had not expired, the tax could be collected within six years from the date of the assessment. In that proceeding, no agreements for the extension of time had been entered into by the parties and that opinion reserved the question here presented, which is, whether the Revenue Acts of 1924 and 1926 abrogate consent agreements which extended the statutory period for another period of limited duration. In *Stickley Brothers Co.*, 9 B. T. A., 935, it was held that where the *statutory* period for collection had not expired before the enactment of the Revenue Act of 1924, but where agreements for extension had been entered into, the additional period for collection provided by that Act applied and that the agreements should be disregarded for the reason that the new statutory period of limitation for collection attached to the old statutory period, which had not expired and that although section 250 (d) of the Revenue Act of 1921 gave respondent authority to agree to extend the statutory period, it did not give him authority to shorten it. In this proceed-

ing, the statutory period prescribed by the Revenue Act of 1921 had expired before the Revenue Act of 1924 was enacted and the only right to collection, which respondent possessed on that date, is to be found in the agreement of February 11, 1924. In the above opinions, the Board did not decide that the applicable provisions of the Revenue Act of 1924 were retrospective. Neither was it necessary to so decide. A statute of limitations may be held to be only prospective in its operation and yet attach to causes of action, which had accrued prior to its passage but which were not barred on that date. *Sohn* v. *Waterson*, 17 Wall. 596. All that the Board decided was that since the statutory period of limitation for collection had not expired prior to the enactment of the later statute, the new period attached. In this proceeding, an entirely different question is presented and that is, whether the provisions of the Revenue Act of 1924 abrogate the express limitations contained in the written agreement authorized by statute, between petitioner and respondent. In solving this question, it should keep in mind the fact that it is not lightly to be assumed that the Federal Government, through an act of Congress. intended to abrogate any part of the contract by which its officials were legally bound. It should also keep in mind the rule that when the Government has granted, by statute, the taxpayer a period of limitation during which taxes must be assessed and collected, such statute should be interpreted liberally in favor of the taxpayer. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346; 6 Am. Fed. Tax Rep. 6541.

The so-called waiver of February 11, 1924, was not in fact a waiver of the statute but was a bilateral contract made in pursuance of the statute. See *Wirt Franklin, supra*. The Revenue Act of 1921 authorized the Commissioner and the taxpayer to enter into a contract whereby they could themselves fix a limitation period for determination, assessment and collection of the tax. The Commissioner was authorized to bind himself by contract with the taxpayer. When the contract was made, it operated not in derogation, not in extension of, but pursuant to the express terms of the statute. The parties fixed their own limitation period by agreement. It was a contract, which both extended the statutory period and placed a limit on the extension. The limitation was as much a part of the contract as was the extension. These elements can not be separated without destroying the contract. While this contract was in force, the Revenue Act of 1921 was repealed and the Revenue Act of 1924 came into effect. The repeal of the Revenue Act of 1921 and the enactment of the new statute had one of three effects on this contract; it was nullified; it was continued in force as a whole; or it was continued in force in part and nullified in part. If the contract was

wholly nullified, then all that the respondent can rely upon is the statutory period of five years provided in both the Revenue Acts of 1921 and 1924, which began to run on the date the return was filed, with the result that the collection of the tax is barred. Such is the provision of section 278 (d) of the Revenue Act of 1924. On the other hand, if the contract is continued in force by reason of section 1100 (b) of that Act, and such we believe to be the fact, then was it continued in force as a whole or was that part which was favorable to the Government continued and that part which put a limitation on its rights abrogated? It is inconceivable, from a standpoint of Governmental integrity, that it was the intention of Congress that the contract should be divided into two parts and that part which gave rights to the Government be carried forward and that part which was in favor of the other party be entirely disregarded. Granting that Congress has the power to do so, an intention to accomplish such purpose must appear in clear and unambiguous words, and I am of the opinion that it has not done so. It certainly can not arise by implication.

While subdivision (d.) of section 278 provides that an assessment made within the periods prescribed by sections 277 and 278 may be collected by a proceeding in court or by distraint begun within six years after the assessment of the tax, this right is limited by subdivision (e), where it is provided that the section shall not authorize such collection, "if, at the time of the enactment of this Act, such * * * distraint or proceeding in court was barred by the period of limitation then in existence * * *." The phrase "the period of limitation then in existence," is capable of two interpretations. It may mean the statutory period of five years from the date of filing the return, prescribed in section 250 (d) of the Revenue Act of 1921, or it may mean such period as extended by agreement. I. adopt the first construction, since it is in harmony with the rule that provisions such as the one here under consideration should be interpreted liberally in favor of the taxpayer and for the further reason in this way no contract right is violated. This construction finds confirmation in subdivision (d) of section 278 of the Revenue Act of 1926, which reads:

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

This subdivision is largely a clarifying reenactment of the corresponding provision of the Revenue Act of 1924. See *In re McClure*

*Co.*, 21 Fed. (2d) 538. It also contains limitations which restrict respondent's rights as to collection. These limitations are effective here since no suit has been begun or distraint warrant issued to collect the taxes herein involved.

Applying subdivision (d) of section 278 to the facts in this proceeding, it is found that the period of six years from the date of assessment has not expired but that the period for collection agreed upon has expired. The problem presented is which period applies in this proceeding, and its solution depends on whether the two periods run concurrently, and, therefore, respondent is entitled to proceed to collect in all cases where one of the periods, it matters not which, has not expired, or whether the second period applies exclusively to that class of cases where the taxpayer and respondent have agreed to extend the time of collection.

I am of the opinion that the latter interpretation should be adopted for the following reasons: (1) The six-year period applies to all taxpayers, while the agreement period applies only to a part of the general class. In such cases, the special provision prevails over the general provision. (2) These limitations were granted as a measure of relief to the taxpayers. Without a statute of limitations, taxes could be collected at any time. They should, therefore, be liberally interpreted in favor of the taxpayer. The meaning of the words used in section 278 (d) is by no means clear and if Congress had intended that respondent should have the benefit of both periods, a few simple words such as " whichever period expires later " would have answered the question. I resolve this doubt in favor of petitioner for the further reason: (3) That by such construction, we avoid any nullification of the contract, which respondent made with petitioner under the sanction of statute.

*Sunshine Cloak & Suit Co.*, 10 B. T. A. 971, is cited in support of the majority opinion. It seems sufficient to observe that the question here at issue was not involved in that proceeding and what is said in that opinion I construe as mere dicta.

In my opinion, judgment should be entered of no deficiency.

PHILLIPS and SIEFKIN concur in this dissent.